UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNELL BROS. COMPANY LTD., | ) |
| Plaintiff, | ) ) ) ) ) |
| vs. | ) No. 4:10-CV-1795 (CEJ) |
| GANNON INTERNATIONAL, LTD., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to strike defendant's third-party complaint. The defendant has not filed a response, and the deadline for doing so has passed.

I. Background

In May and July of 2008, the plaintiff entered into two guaranty agreements with the defendant. The agreements required the defendant to pay the plaintiff for any debt and expenses incurred by the defendant's affiliates, Cuu Bao Chau Co., Ltd. and Gannon Hong Kong Limited. On September 24, 2010, the plaintiff filed a two-count complaint, alleging that the defendant failed to make payments pursuant to the terms of the guaranty agreements.

On December 1, 2010, the defendant filed a third-party complaint against third-party defendants Walter Blocker (Blocker), Ignition Capital Partners (Ignition), and Sandalwood Investment Limited (Sandalwood). Blocker is a former employee of the defendant. During his employment, the defendant and its subsidiaries were in the process of building a brewery in Vietnam. Defendant alleges that Blocker illegally

transferred $1,000,000 from one of the defendant's subsidiaries, Cuu Bao Chau Co., Ltd, and used it for payment on a long-term leasehold purchase agreement for a parcel of land in Vietnam. As a result of Blocker's actions, the defendant claims that it was unable to pay the debts owed to plaintiff pursuant to the guaranty agreements. Defendant asserts claims of breach of fiduciary duty (Count I), unjust enrichment (Count II), and conversion (Count IV) against Blocker.

Ignition is a private equity firm that wholly owns Sandalwood. Ignition and Sandalwood claim ownership of Gannon Brewery Joint Stock Company(Gannon Brewery). Gannon Brewery leased the parcel of land to Blocker. According to the defendant, Ignition and Sandalwood were unjustly enriched by Blocker's transfer of funds from Cuu Bao Chau Co., Ltd to Gannon Brewery Joint Stock Company. The defendant also claims that Ignition and Sandalwood aided, abetted, and participated in Blocker's wrongful transfer of funds. The defendant asserts claims of unjust enrichment (Count III) and inducement of breach of fiduciary duty (Count V) against Ignition and Sandalwood

In its motion to strike, plaintiff contends that the third-party complaint does not properly state a third-party claim under Fed. R. Civ. P. 14.

II. Legal Standard

Rule 14 of the Federal Rules of Civil Procedure permits a defendant to implead a third party who is or may be liable to the defendant for all or part of the plaintiff's claim. Discovery Group LLC v. Chapel Dev., LLC, 574 F.3d 986, 989 (8th Cir.2009); Williams v. Ford Motor Credit Co., 627 F.2d 158, 160 (8th Cir.1980). "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights

and liabilities of all the interested parties in one suit." American Zurich Insurance Co. v. Cooper Tire & Rubber Co., 512 F.3d. 800, 805 (6th Cir. 2008); see also Dishong v. Peabody Corp., 219 F.R.D. 382, 385 (E.D.Va.2003); Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y.2004).

Third-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim. American, 512 F.3d. at 805. A third-party claim that merely arises out of the same set of facts as the original complaint does not meet the third-party pleading requirements. Id. Rather, a defendant's third-party claim must be based upon the plaintiff's claim against the defendant and cannot simply be an independent or related claim. Id.; Stiber v. United States, 60 F.R.D. 668, 670 (E.D.Pa.1973) ("Under Rule 14, the liability of the third-party must be dependent on the outcome of the main claim."). Simply put, Rule 14 does not allow a third-party complaint to be based on a defendant's independent cause of action against a third-party defendant. Id. "A third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant." American, 512 F.3d. at 805.; United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir.1987).

III. Discussion

Defendant's claims of breach of fiduciary duty, unjust enrichment and conversion are separate and independent from plaintiff's breach of contract claim. Whether or not defendant is entitled to relief against the third-party defendants is wholly independent of its liability to plaintiffs for breach of contract. Defendant's allegations that the third-party defendants' actions prevented defendant from paying the plaintiff under the guaranty agreements are insufficient to establish valid third-

party claim. While these allegations may establish the third-party defendants' potential liability to the *defendant*, they do not establish the potential liability of the third-party defendants for part or all of *plaintiff's* claim. Therefore, defendant's third-party claim is not derivative of the main claim and does not properly state a claim under Rule 14.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike the third-party complaint is [# 18] is **granted**.

An order of dismissal will be filed separately.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2011.