UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNELL BROS. LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1795 JAR |
| ) | |
| GANNON INTERNATIONAL, LTD., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Bill of Costs (ECF No. 71) and Plaintiff's Motion for Attorneys' Fees, Nontaxable Expenses, and Post-Judgment Interest (ECF No. 72). This matter is fully briefed and ready for disposition.

## BACKGROUND

The Court outlined the background facts of this case in its November 28, 2012 Order on Connell Bros. Company, Ltd.'s ("Connell") Motion for Summary Judgment on Count II. (ECF No. 69). In that Order, the Court granted Connell's Motion for Summary Judgment on Count II for suit on a guaranty whereby Gannon agreed to "unconditionally and irrevocably" guaranty the full and timely payment of all amounts due from The Gannon Companies (Hong Kong) Limited ("Gannon HK" in favor of Connell (the "Guaranteed Debt"), and "unconditionally agree[d] to pay the full amount of the Guaranteed Debt").

As of the time of the filing of Connell's Motion for Summary Judgment as to Count II, $2,178,807.63 remained overdue and owing to Connell under the Unpaid Invoices, which included only the principal and did not include any interest calculation, attorneys' fees or costs. In its Bill of Costs, Connell seeks the taxation of statutorily assessable costs in the amount of $3,632.02. (ECF No. 71). In its Motion for Attorneys' Fees, Nontaxable Expenses, and Post-Judgment Interest (ECF

No. 72), Connell seeks $193,906.00 in attorneys' fees (which is still accruing), $11,179.47 in nontaxable expenses, and post-judgment interest.

## DISCUSSION

### I.  Attorneys' Fees

The parties agree that California law governs this dispute pursuant to Paragraph 10 of the Guaranty. Under California law, "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party." Cal. Civ. Code § 1717; BR N. 223, LLC v. Glieberman, 1:10-CV-02153 LJO, 2012 WL 639500, at *9 (E.D. Cal. Feb. 27, 2012)(applying California law and awarding attorneys' fees). Paragraph 6 of the Guaranty provides that "Guarantor (a) agrees to pay [Connell's] reasonable attorneys' fees and costs of collection." Connell contends it is entitled to $194,906.00 in reasonable attorneys' fees incurred from May 6, 2010 through December 21, 2012, as well as additional amounts incurred after that date. Connell argues that the remedies provision in paragraph 6 survives termination of the Guaranty.

In support of this position, Connell cites Durham v. Uvalde Rock Asphalt Co., 599 S.W.2d 866 (Tex. Civ. App. 1980), where the Court held that attorneys' fees were included as part of the guarantied debt. (Plaintiff's Reply to Defendant's Opposition to Motion for Attorneys' Fees, Nontaxable Expenses, and Post-Judgment Interest ("Reply"), ECF No. 76, p. 1-2 (citing Durham, 599 S.W.2d at 876). Gannon, however, points out that, the Durham court also held that the guaranty was never canceled or terminated as provided in the contract. Id.; Defendant's Sur-Reply on Plaintiff's Motion for Attorneys' Fees, Nontaxable Expenses and Post-Judgment Interest ("Sur-Reply"), ECF No. 79, p. 2.

Connell also cites to Roberts v. Glenn Roberts and Wip, Inc., 199 B.R. 393 (S.D. Ind. 1996), for the proposition that attorneys' fees and costs incurred in collecting debt arising from a guaranty

- 2 -

were part of the guaranteed debt. (Reply, p. 2). Gannon, however, asserts that this case is inapposite because the issue decided was whether attorneys' fees and related costs and expenses were dischargeable in a Chapter 7 bankruptcy. (Sur-Reply, p. 2).

In response, Gannon contends that it expressly revoked the Guaranty on August 31, 2010, and the effective date of that revocation was October 30, 2010. Gannon notes that, under paragraph 9 of the Guaranty, "[t]ermination shall not affect Guarantor's liability for any portion of the Guarantied Debt, or any other obligations, incurred prior to such termination." (Guaranty, ¶9). Gannon admits that it is liable for any attorneys' fees incurred prior to termination, but asserts that under "those actual terms drafted by Connell and agreed to by Connell" and Gannon, it is not liable for any attorneys' fees incurred post-termination. (Sur-Reply, p. 3). Gannon contends that Connell could have included a provision explicitly stating that its remedies survived termination of the Guaranty but, because Connell did not, the terms of the Guaranty must be construed against Connell, the drafter. Accordingly, Gannon contends that it is not responsible for Connell's attorneys' fees incurred after October 30, 2010.

The Court finds that Gannon is responsible for Connell's attorneys' fees for collecting on the Guarantied Debt, even if those fees were incurred after termination of the Guaranty. The Guaranty contemplates Connell obtaining its attorneys' fees that accrued while collecting any debt under the Guaranty. (Guaranty, ¶6). The termination provision in paragraph 9 does not affect Gannon's "obligations" to pay the costs of collection for the Guarantied Debt incurred prior to termination, even if those attorneys' fees accumulated after the termination of the underlying Guaranty. The Court finds that Gannon's obligation to pay for the costs of collection survives termination of the Guaranty. If the Court were to find that Connell was only entitled to attorneys' fees incurred before termination of the Guaranty, it would make the attorneys' fees provision largely

- 3 -

illusory. Because Gannon does not take any issue with the reasonableness of the attorneys' fees award, the Court grants Connell's attorneys' fees request in the amount of $193,906.00.

**II.    Costs**

Connell filed a memorandum seeking the taxation of statutorily assessable costs in the amount of $3,632.02. (ECF No. 71). It does not appear that Gannon objects to these costs. The Court grants Connell's Bill of Costs and enters judgment in favor of Connell in the amount of $3,632.02 for its statutorily authorized costs.

Connell also contends that it is also entitled to $11,179.47 in nontaxable expenses pursuant to Paragraph 6 of the Guaranty. These expenses include the cost of mediator's fees, electronic legal research, process server expenses, courier expenses, and copying costs related to the case.

In response, Gannon reiterates its argument that is it not responsible for nontaxable expenses incurred after October 30, 2010, when its revocation of the Guaranty became effective. For the reasons stated above, the Court rejects this argument.

In addition, Gannon argues that the Guaranty does not provide that Gannon is liable to Connell for nontaxable "expenses." Gannon states that Paragraph 6 of the Guaranty mentions "attorneys' fees" and "costs" but not "expenses."

Gannon notes that in <u>Roberts</u>, the guaranty provided that the guarantor agreed to pay "costs and expenses, including attorneys' fees and legal expenses." 199 B.R. 194-95. Gannon claims that this illustrates a "drafting difference" between "costs" and "expenses" in a guaranty. (Sur-Reply, p. 4). While Gannon correctly notes that the guaranty in <u>Roberts</u> utilized the terms "costs" and "expenses," <u>Roberts</u> never discusses the difference between the terms "costs" and "expenses."

Connell contends that "costs" and "expenses" are synonymous for purposes of nontaxable costs or expenses requested by Connell. (Reply, p. 3). Connell also cites to <u>Hinman v. Fujitsu Computer Sys. Corp.</u> where the arbitration agreement provided that "[t]he substantially prevailing

- 4 -

party shall be entitled to its attorneys' fees, witness fees, and other costs awarded by the arbitrator." C 05-3509 PJH, 2008 WL 5135156, at *1 (N.D. Cal. Dec. 8, 2008).  Connell notes that the Hinman court held that the charge for computerized legal research was deemed a permissible recovery. Id., at *2.

The Court finds that Connell is entitled to its nontaxable expenses in the amount of $11,179.47.  The Court notes that the Guaranty utilized the term "costs of collection" and does not distinguish between taxable and nontaxable costs.  See Boulevard Bank Nat. Ass'n v. Philips Med. Sys. Int'l B.V., 827 F. Supp. 510, 512 (N.D. Ill. 1993) aff'd, 15 F.3d 1419 (7th Cir. 1994)(holding that the "more expansive 'collection costs'" term in the Commitment Letter encompassed attorneys' fees in addition to costs and expenses).  Likewise, the Court finds that costs and expenses are virtually synonymous in contract provisions, and Gannon has not provided a legal distinction between the two.  Because Gannon has not objected to the reasonableness of Connell's calculation, the Court awards Connell $11,179.47 in nontaxable expenses.

### III.    Post-Judgment Interest

Connell claims that it is entitled to a post-judgment interest, pursuant to 28 U.S.C. §1961. Gannon does not discuss this point in its briefing.

The Court grants Connell's request for post-judgment interest.  Connell shall submit an accounting of this amount within fifteen days of the date of this Order.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Bill of Costs [71] is **GRANTED**.  Connell is awarded $3,632.02 in taxable costs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees, Nontaxable Expenses, and Post-Judgment Interest [72] is **GRANTED**. Connell is awarded $11,179.47 in nontaxable costs and $193,906.00 in attorneys' fees.

**IT IS FURTHER ORDERED** that Plaintiff shall submit an accounting of its requested post-judgment interest within fifteen days of the date of this Order. Gannon shall then have five days to object to that accounting.

A Judgment is filed herewith.

Dated this 12th day of February, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE